(54 South. 295.)

No. 18,201.

SIEKMANN v. VERGEZ.

SCHLIEDER v. SAME.

KREHER v. SAME.

(Jan. 16, 1911. Rehearing Denied Feb. 13, 1911.)

*(Syllabus by the Court.)*

1. EVIDENCE (§ 584*) — WEIGHT AND SUFFICIENCY.

Article 2277 of the Civil Code, providing that, where the amount involved is more than $500, there shall be the evidence of one witness and corroborating circumstances, does not apply here, because there were four witnesses to testify to the genuineness of the note.

[Ed. Note.—For other cases, see Evidence, Dec. Dig. § 584.*]

2. BILLS AND NOTES (§ 474*) — PLEADING— GENERAL DENIAL.

The general denial interposed by defendant to the suits of the three plaintiffs, when he did not know which was the genuine note, will not

forfeit his right to a judgment decreeing that he owes only the genuine note.

[Ed. Note.—For other cases, see Bills and Notes, Dec. Dig. § 474.*]

Appeal from Civil District Court, Parish of Orleans; Thos. C. W. Ellis, Judge.

Action by Ivan F. Siekmann against Pierre L. Vergez, by E. L. Schlieder against the same defendant, and by John J. Kreher against the same defendant. Judgments for defendant, and plaintiffs appeal. Affirmed.

McCloskey & Benedict, for appellant Siekmann. E. A. O'Sullivan, for appellant Schlieder. T. B. Walker, for appellant Kreher. John P. Sullivan and Arthur Landry, for appellee.

BREAUX, C. J. Each of the three plaintiffs is the owner of a promissory note, and the defendant is the maker of only one of the notes.

The notary, or some one for him, forged two of the notes, which were transferred by the notary to third persons.

The notary was the common agent of all the parties.

Three of these parties, who were plaintiffs in executory process (which process is again referred to later), sought to invest their money on a promissory note secured by mortgage, which the defendant in these proceedings borrowed through the agency of the notary.

The defendant delivered his note for $4,500 to the notary, who fraudulently duplicated two of the notes and negotiated all three.

Only one act of mortgage was given for the $4,500 borrowed.

The other two notes were also paraphed by this notary and were ostensibly secured by the same mortgage.

As the defendant had made only one note and executed one mortgage, he naturally declined to pay any note at maturity.

The only amount due was $4,500, but the notary succeeded in pocketing $9,000 in the transaction by selling two forged notes.

The holders of the notes sued out executory process.

Defendant obtained an injunction against this process, and pleaded forgery and other incidental defenses.

The suits were consolidated, and the lower court decreed the notes held by two of the plaintiffs forgeries and the note held by John J. Kreher genuine.

These consolidated cases have the appearance of a concurso. Each creditor opposes the other and claims that the defendant owes him the amount of the note he holds, and that his note is the genuine note, and the defendant denies all indebtedness.

It devolves upon us to decide, of the three notes, which is the genuine.

Defendant, as plaintiff in injunction in each case, alleged that the signature of the note sued on is a forgery, and that the signature to the act of mortgage, before Robert J. Maloney, notary public, on the 14th day of August, 1906, is also a forgery.

The usual affidavit of the truthfulness of the allegation in the petition for the injunction was made in each case.

The holder of one of the notes, Mr. Schlieder, held a note for $5,000 since 1904. In a transaction with the notary, this note was exchanged some time after the transaction between the notary and the defendant Vergez, and the notary delivered to Schlieder a note which Vergez had not executed and which was, according to the lights before us, a forgery.

From the evidence we infer that all of the holders of these notes were in good faith, and that the defendant in executory proceedings also was in good faith, so that the remaining question is the forgery vel non of two notes and the genuineness of one note.

The question to be decided arose in the

injunction proceedings before mentioned, in which the defendant in executory proceeding, Vergez, but plaintiff in injunction, enjoined the proceedings to foreclose on the three notes before referred to, secured by asserted mortgage.

Dr. Ivan F. Siekmann, holder of one of the notes, urged that the holders of two other notes, to wit, E. L. Schlieder and John J. Kreher, are not entitled to recover on their notes, because they do not sustain their claims by a creditable witness and corroborating circumstances.

This plea of Dr. Siekmann against the sufficiency of the evidence as relates to the transfer of two of the notes is not sustained by the facts, for, not only there were corroborating circumstances, but four witnesses testified as to the genuineness of one of the notes.

The notes, one genuine and two forged, had been regularly delivered to the parties by whom they were held, and had every appearance of genuineness.

On the trial, witnesses were heard to prove which was the genuine. There were letters introduced, and, as a whole, the case is entirely out of the possible application of the article of the Civil Code (article 2277), requiring, when the amount involved is over $500, the evidence of a creditable witness and corroborating circumstances.

There was sufficient evidence. There were corroborating circumstances.

It might be possible to pick out some minor details not sustained in every respect by the four witnesses, but these minor details, not sustained by the four witnesses, are not controlling, particularly, as in this case, when the proceedings are quasi in concurso.

The parties had to admit possession of purported notes in those whose claims they oppose.

As to forgery—the main issue.

The three witnesses who testified upon that point were not scientific experts in comparative handwriting; they had not made a study of the subject. Nonetheless their occupation and experience rendered them competent witnesses. They were sufficiently versed in paper value to testify as to the genuineness of a signature by comparison. Two of these witnesses were paying tellers in large banks and experience came to them by the service of years. The other witness is a well-known expert accountant, who also had considerable experience and was called upon frequently in his work of accountant to examine as to genuineness of documents and signatures.

Even the layman finds some difference between the clever forgery and the genuine signature of the maker of the note in this case.

The sincerity of these witnesses is above question.

They unite in testifying that John J. Kreher has the genuine note.

Our learned brother of the district court says in his written opinion that he gave close attention to the question of forgery, and that he agreed with the witnesses.

On appeal, with what means we had, we also have examined these signatures and have not found error in the judgment.

The learned judge of the district court was at first inclined to the opinion, that all the signatures were counterfeit. That was also mentioned here at bar during the argument. This thought is based on the theory that one guilty of a forgery sometimes, in order to better conceal his deception, will issue the fraudulent paper and hold back the genuine. This thought may also be suggested by the denial of defendant, under oath, of all the signatures. The defendant's education is very limited, and, when he hastily concluded that it was all forgery, he failed to identify his own note.

Confronted by the demand of the respective owners of the three notes, in answer to their petition, he denied the signatures as his. He, we infer, really did not know if any of the number was his.

By the general denial, under the circumstances, he had not forfeited his right to a judgment decreeing that he owes only one of the notes.

The signature was a very clever imitation, and might have puzzled a learned man.

Something is said about the possible validity of a valid outstanding note. If there is such a note, it is still in the possession of the notary and is valueless. Again, if there is such a note, and it was transferred by the notary to a third person, there is not the least probability that it can be used, or that it can be of any value. The forgery was discovered in 1908. Over a year intervened between the date of this discovery and the date of the trial. A number of notes had been similarly issued. It was frequently mentioned in many places in and out of the state. All those who held paper on which the name of the notary appeared were quick to bring them forward. It would be very extraordinary if any of this paper is still stowed away for future use.

Be that as it may, the issue before us is the genuineness of these notes.

The weight of the evidence, we think, sufficiently proves which of the notes is genuine.

Another theory suggests itself in this case. All the parties in interest trusted the notary; he was their agent.

The first note in date of transfer is owned by one of the parties, John J. Kreher. He is the first in time. The others can scarcely be heard to dispute the title emanating from their own agent, even if they hold the genuine note.

The evidence is that they do not hold such a note.

On the date the note was signed by the maker, Vergez, it was sold by the notary, Robert J. Maloney, to J. J. Kreher for $4,500.

Some reference was made in argument to the policy of insurance which was issued for the benefit of the holder or holders of the note. A point is sought to be made because the policy was not required at the time of the transaction.

This was explained by testimony that the property was deemed of sufficient value without improvements.

Our learned brother of the district court, in his carefully written opinion, said that on the Kreher note the signature on the face has neither dot nor dash, except, "perhaps, a dot after the name Vergez. I use the term 'perhaps' because in the enlarged signature in photograph copy 2 no dot at all is shown."

The theory is not conclusive. At the same time it is a fact that in signing the maker of the note is economical in matter of punctuation; that is, he seldom punctuates, and in a number of instances there is no punctuation to his signature.

This of itself is possibly not very convincing, but it may be considered, in pondering over these different signatures, to find which is the genuine note.

For reasons stated, it is therefore ordered, adjudged, and decreed that the judgment appealed from be, and the same is hereby, affirmed.